JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carlo Easton, 753 South Lime St, Lancaster, Pa. 17602

**(b)** County of Residence of First Listed Plaintiff   Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Soloff & Zervanos, P.C., John N. Zervanos, Esquire
1525 Locust St., 8th Floor, Philadelphia, Pa. 19102 (215)732-2260

## DEFENDANTS

Lancaster City Bureau of Police and Officer Todd Grager and Officer Ben Rothermel

County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❑ 2   U.S. Government Defendant
- ❑ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | | ❑ 790 Other Labor Litigation | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 791 Employee Retirement Income Security Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1331

Brief description of cause:
Plaintiff assaulted by defendants and violated plaintiff's civil rights.

## VII. REQUESTED IN COMPLAINT:

- ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  5/08/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Carlo E. Easton                                     :          CIVIL ACTION
                                                    :
                        v.                          :
                                                    :
Lancaster City Bureau of Police,                    :          NO.
Officer Todd Grager and Officer Ben                 :
Rothermel

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✗)

5/08/18                        _____          plaintiff
**Date**                       **Attorney-at-law**          **Attorney for**

215-732-2260                   215-731-2289                 jzervanos@lawsz.com

**Telephone**                  **FAX Number**               **E-Mail Address**
215-732-2260                   215-732-2289
                                                            jzervanos@lawsz.com
                                                            jpumphrey@lawsz.com

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ___753 S. Lime Street, Lancaster, Pa. 17602___

Address of Defendant: ___39 West Chestnut Street, Lancaster, Pa. 17603-3510___

Place of Accident, Incident or Transaction: ___Lancaster, Pennsylvania___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___John N. Zervanos___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ___5/08/18___          _____          ___49615___
                              Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___5/06/18___          _____          ___49615___
                              Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

**CARLO E. EASTON**                              :
              Plaintiff              :

    v.                                      :
                                         :

**LANCASTER CITY BUREAU OF POLICE,**             :        DOCKET No.:
**OFFICER TODD GRAGER and**                      :
**OFFICER BEN ROTHERMEL**                        :
              Defendants             :
                                         :

## COMPLAINT - CIVIL ACTION

Plaintiff Carlo E. Easton, by and through his attorneys, Soloff & Zervanos, P.C., hereby files this Complaint and avers the following:

## PARTIES

1.     Plaintiff Carlo E. Easton is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 753 South Lime Street, Lancaster PA 17602.

2.     Defendant Lancaster City Bureau of Police (hereinafter "Lancaster") is a municipality organized and existing under the law of the Commonwealth of Pennsylvania with a address of 39 West Chestnut Street, Lancaster, PA 17603-3510.

3.     Defendant Lancaster owns, operates, directs, manages, controls and/or is otherwise legally responsible for its police department which is a division and/or bureau of defendant Lancaster.

4.     Defendant Officer Todd Grager (hereinafter "Grager") is an adult citizen, and citizen and resident of the Commonwealth of Pennsylvania, who at all times relevant hereto was a was a duly appointed and acting police officer of defendant Lancaster.

5.     Defendant Officer Ben Rothermel (hereinafter "Rothermel") is an adult citizen,

and citizen and resident of the Commonwealth of Pennsylvania, who at all times relevant hereto was a was a duly appointed and acting police officer of defendant Lancaster.

6.    Defendants Grager and Rothermel (hereinafter also referred to as "defendant officers") are being sued in both their individual and official capacities.

7.    At all times relevant hereto, defendants Grager and Rothermel were acting within the scope of their individual capacity as an employee, servant, workman, agent and/or contractor of defendant Lancaster and were in the course and scope of their employment, servitude, workmanship, agency and/or contract with defendant Lancaster.

8.    At all times relevant hereto, defendant Lancaster acted and/or failed to act jointly, individually and/or by and through their employees, servants, workmen, agents and/or contractors, including but not limited to defendants Grager and Rothermel, who all acted and/or failed to act within the course and scope of their employment, servitude, workmanship, agency and/or contract with defendant Lancaster and/or were under the control and/or right to control of defendant Lancaster.

9.    Accordingly, defendant Lancaster is vicariously liable for the negligent acts and omissions of its employees, servants, workmen, agents and/or contractors and/or subcontractors, including but not limited to defendants Grager and Rothermel.

10.    At all times relevant hereto, and in all of their acts and omissions described herein, all defendants and their employees, servants, workmen, agents and/or contractors were acting under color of state law.

## JURISDICTION

11.    This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.    Jurisdiction

is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

12.     Jurisdiction lies over the pendent state law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. § 1367.

13.     The amount in controversy exclusive of interest and costs exceeds the sum of the limits of 28 U.S.C. § 1332(a), exclusive of interest, costs, attorney fees and any other remedy as seen fit by this Court.

## VENUE

14.     All of the claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania and involve defendants who reside within the jurisdictional limits.   Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## OPERATIVE FACTS

15.     On Saturday, April 1, 2017 in the afternoon hours, plaintiff sought to retrieve his two (2) nephews from the residence of his ex-girlfriend, Dawn Beck, who lived in the City of Lancaster.

16.     As of this date, plaintiff had sole legal guardianship of his two nephews, after the death of plaintiff's sister, who was the biological mother of the two (2) boys.

17.     During and after their relationship, plaintiff's nephews would stay at the residence of Ms. Beck.

18.     Plaintiff contacted the police before going to Ms. Beck's residence, as plaintiff had been involved in prior arguments with Ms. Beck when going to her house to retrieve the boys.

19.     Defendants Grager and Rothermel responded to the call and when they arrived, plaintiff explained to these defendant officers why he was there and that he called the police because of past arguments with Ms. Beck over the nephews.

20.     Defendant Rothermel was a new police officer and was in training under the supervision of defendant Grager.

21.     Upon their arrival, plaintiff explained to the defendant officers that he had sole legal guardianship of the boys, had the supporting Court Order and that he wanted to take his nephews back to his residence.

22.     One of the defendant officers went to speak with Ms. Beck and/or the nephews, and one of the defendant officers stayed behind with plaintiff.

23.     Thereafter, the defendant officers stated something to effect that since plaintiff was not a parent and since they could not enforce the Court Order, there was nothing they could do for him.

24.     Plaintiff was frustrated with the lack of assistance from the police, and he called another one of his sisters to see if she could somehow help get the boys to come home with him.

25.     Plaintiff offered the defendant officers his phone to speak to this sister, and soon after, one of the defendant officers decided to try and speak again to Ms. Beck and/or the nephews, while one of the defendant officers remained with plaintiff.

26.     When it appeared to plaintiff that the defendant officers were not making any progress with Ms. Beck and/or the nephews, plaintiff decided to leave and walked away.

27.     While walking away, one of the defendant officers, believed to be defendant Grager, began running after plaintiff.

28.     Plaintiff stopped, turned around and put his arms and hands in the air.

29.    Despite plaintiff's surrendering actions, the defendant officer Grager continued to run fast toward plaintiff and tackled him in a football-like manner and slamming him to the ground.

30.    The defendant officers then both hand-cuffed plaintiff, slammed plaintiff up against a wall and physically assaulted plaintiff while forcing him against the wall causing him injuries and harm as set forth more fully below.

31.    Plaintiff was wrongfully assaulted and arrested by the defendant officers.

32.    At the time of the assault, plaintiff had committed no crime, was unarmed, gave no indication that he was a physical or life-threatening danger to anyone and had surrendered to the defendant officers.

33.    The purpose of the intended actions of the defendant officers was to cause harm to plaintiff, unrelated to any legitimate object of pursuit or arrest.

34.    The defendant officers without necessary or justifiable reason, cause or warning, physically assaulted plaintiff, causing plaintiff to suffer injuries and damages.

35.    The defendant officers consciously took action and deliberately chose to assault plaintiff, without regard for the safety and well-being of the plaintiff.

36.    The defendant officers acted with deliberate indifference to plaintiff and reckless disregard of plaintiff's constitutional rights.

37.    Defendant Lancaster jointly, individually and/or by and through its employees, servants, workmen, agents and/or contractors, prior to and at the time of this incident, were aware of the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, investigation and/or discipline, relating to, inter alia, police officers use of force, but with deliberate indifference defendant Lancaster failed to take measures

necessary to prevent shockingly unconscionable actions and conduct by police officers, including the defendant officers.

38.     Defendant Lancaster, jointly, individually and/or by and through its employees, servants, workmen, agents and/or contractors, prior to and at the time of this incident, failed to properly sanction or discipline officers who violate rules, regulations, policies, procedures, guidelines and/or directives relating to, inter alia, police officers use of force, thereby causing and encouraging officers, including the defendant officers, to violate the rights of citizens such as plaintiff.

39.     As a direct and proximate result of the aforesaid acts, omissions and/or deliberate indifference of the defendants to the danger and harm to the public in general and plaintiff in particular, resulting from the need for additional and/or different training, deliberate indifference to systematic deficiencies, and the policies and customs of defendant Lancaster, plaintiff's rights were violated and he sustained severe injuries and damages.

40.     The actions and conduct of all defendants shocks the conscience.

41.     Defendants violated plaintiff's rights to be free from the defendants' deliberate indifference or affirmative acts that interfere with an individual's constitutional and fundamentals right to bodily integrity.

42.     Plaintiff is a member of a discrete class of persons made vulnerable to enhanced risk of bodily injury caused by the defendants' actions.

43.     Due to the willful, intentional, reckless, shockingly unconscionable and outrageous conduct of the defendants, plaintiff seeks punitive damages under Pennsylvania law.

## COUNT I: DEPRAVATION OF CONSTITUTIONAL RIGHTS
## PURSUANT TO 42 U.S.C § 1983 - USE OF EXCESSIVE FORCE
## PLAINTIFF v. DEFENDANTS GRAGER AND ROTHERMEL

44.     Plaintiff hereby adopts and incorporates all of the preceding paragraphs as if fully set forth herein at length.

45.     At all times relevant hereto, defendants Grager and Rothermel acted under color of state law through their power and authority as police officers of defendant Lancaster when they physically assaulted plaintiff.

46.     The intentional use of excessive force by defendants Grager and Rothermel deprived plaintiff of his rights under the Fourth Amendment of the Constitution of the United States of America pursuant to 42 U.S.C. § 1983. *Graham v. Connor*, 109 S.Ct. 1865 (1989).

47.     As a direct and proximate result of the actions of defendants Grager and Rothermel, plaintiff suffered severe bodily injury, including but not limited to injuries to his chest, sternum, right wrist, including DeQuervain's tenosynovitis, back and neck, multiple abrasions and contusions, thereby making these defendant officers liable to plaintiff.

48.     As a direct and proximate result of the actions of the defendants as set forth above, plaintiff has been caused to seek medical care, including hospitalization, surgery, treatment, rehabilitation, therapy and medication all to his great financial detriment and loss.

49.     As a direct and proximate result of the actions of defendants Grager and Rothermel, plaintiff has suffered and continues to suffer physical and emotional pain, suffering, inconvenience, embarrassment, mental anguish, loss of life's pleasures, loss of employment wages, impairment of earning capacity and financial and medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendants Grager and Rothermel for compensatory damages for his injuries and damages in an amount in excess of the limits of 28 U.S.C. § 1332(a), as well as punitive damages, pre-judgment interest, post-judgment interest, delay damages, attorney's fees, costs and any other relief that the Court deems just and proper.

## COUNT II: DEPRAVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C § 1983 - STATE CREATED DANGER PLAINTIFF v. DEFENDANTS GRAGER AND ROTHERMEL

50.     Plaintiff hereby adopts and incorporates all of the preceding paragraphs as if fully set forth herein at length.

51.     At all times relevant hereto, defendants Grager and Rothermel acted under color of state law through their power and authority as police officers of defendant Lancaster when they physically assaulted plaintiff.

52.     Plaintiff's severe bodily injuries were a foreseeable and fairly direct result of the actions of defendants Grager and Rothermel, who acted with a conscious disregard of a great risk of serious harm and/or with deliberate indifference when they physically assaulted plaintiff. *Estate of Smith v. Marasco*, 318 F.3d 497, 506 (3d Cir. 2003).

53.     Plaintiff was a member of a discrete class of persons made vulnerable to enhanced risk of bodily injury caused by the actions of the defendant officers. *Id.*

54.     The actions of defendants Grager and Rothermel shocks the conscious and offends the community's sense of fair play and decency, and thereby deprived plaintiff of his due process and equal protection rights to life, liberty and bodily integrity under the Fourteenth Amendment of the Constitution of the United States of America pursuant to 42 U.S.C. § 1983. *Rochin v. California*, 342 U.S. 165 (1952).

55.    As a direct and proximate result of the actions of defendants Grager and Rothermel, plaintiff suffered severe bodily injury as set forth above thereby making these defendant officers liable to plaintiff.

56.    As a direct and proximate result of the actions of the defendants as set forth above, plaintiff has been caused to seek medical care, including hospitalization, surgery, treatment, rehabilitation, therapy and medication all to his great financial detriment and loss.

57.    As a direct and proximate result of the actions of defendants Grager and Rothermel, plaintiff has suffered and continues to suffer physical and emotional pain, suffering, inconvenience, embarrassment, mental anguish, loss of life's pleasures, loss of employment wages, impairment of earning capacity and financial and medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendants Grager and Rothermel for compensatory damages for his injuries and damages in an amount in excess of the limits of 28 U.S.C. § 1332(a), as well as punitive damages, pre-judgment interest, post-judgment interest, delay damages, attorney's fees, costs and any other relief that the Court deems just and proper.

### COUNT III: DEPRAVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 - POLICIES, PRACTICES AND/OR CUSTOMS PLAINTIFF v. DEFENDANT LANCASTER

58.    Plaintiff hereby adopts and incorporates all of the preceding paragraphs as if fully set forth herein at length.

59.    At all times relevant hereto, defendant Lancaster and those acting on its behalf were acting under color of state law through their power and authority of defendant Lancaster.

60.    Defendant Lancaster acted with deliberate indifference to the consequences, established and maintained policies, practices and/or customs, or alternatively failed to establish and maintain appropriate policies, practices and/or customs, which directly caused defendants

Grager and Rothermel to physically assault plaintiff, thereby plaintiff of his constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1983.

61.     The polices, practices and/or customs, or lack thereof, of defendant Lancaster encouraged defendants Grager and Rothermel to believe that they could physically assault and violate the constitutional rights of plaintiff with impunity and with the explicit or tacit approval of defendant Lancaster.

62.     The policies, practices and/or customs, or lack thereof, of defendant Lancaster was a moving force behind the actions of defendants Grager and Rothermel, which directly and proximately caused plaintiff to suffer severe bodily injury as set forth above thereby making this defendant liable to plaintiff.

63.     As a direct and proximate result of the actions of the defendants as set forth above, plaintiff has been caused to seek medical care, including hospitalization, surgery, treatment, rehabilitation, therapy and medication all to his great financial detriment and loss.

64.     As a direct and proximate result of the policies, practices and/or customs, or lack thereof, of defendant Lancaster, plaintiff has suffered and continues to suffer physical and emotional pain, suffering, inconvenience, embarrassment, mental anguish, loss of life's pleasures, loss of employment wages, impairment of earning capacity and financial and medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendant Lancaster for compensatory damages for his injuries and damages in an amount in excess of the limits of 28 U.S.C. § 1332(a), as well as punitive damages, pre-judgment interest, post-judgment interest, delay damages, attorney's fees, costs and any other relief that the Court deems just and proper.

## COUNT IV: DEPRAVATION OF CONSTITIONAL RIGHTS
## PURSUANT TO 42 U.S.C. § 1983 – INADEQUATE TRAINING AND/OR SUPERVISION
## PLAINTIFF v. DEFENDANT LANCASTER

65.     Plaintiff hereby adopts and incorporates all of the preceding paragraphs as if fully set forth herein at length.

66.     Defendant Lancaster failed to properly train and/or supervise defendants Grager and Rothermel thereby causing them to physically assault individuals.

67.     The failure of defendant Lancaster to properly train and/or supervise defendants Grager and Rothermel amounted to deliberate indifference to the fact that violations of an individual's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. § 1983 was a highly predictable consequence of the inadequate training and/or supervision of these defendant officers.

68.     The inadequate training and/or supervision of defendants Grager and Rothermel by defendant Lancaster was a moving force behind the actions of defendants Grager and Rothermel, which directly and proximately caused plaintiff to suffer severe bodily injury as set forth above thereby making this defendant liable to plaintiff.

69.     As a direct and proximate result of the actions of the defendants as set forth above, plaintiff has caused to seek medical care, including hospitalization, surgery, treatment, rehabilitation, therapy and medication all to his great detriment and loss.

70.     As a direct and proximate result of the inadequate training and/or supervision of defendants Grager and Rothermel by defendant Lancaster, plaintiff has suffered and continues to suffer physical and emotional pain, suffering, inconvenience, embarrassment, mental anguish, loss of life's pleasures, loss of employment wages, impairment of earning capacity and financial and medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendant Lancaster for compensatory damages for his injuries and damages in an amount in excess of the limits of 28 U.S.C. § 1332(a), as well as punitive damages, pre-judgment interest, post-judgment interest, delay damages, attorney's fees, costs and any other relief that the Court deems just and proper.

## COUNT V: PENDENT STATE LAW CLAIMS OF BATTERY
## PLAINTIFF v. DEFENDANTS GRAGER AND ROTHERMEL

71.     Plaintiff hereby adopts and incorporates all of the preceding paragraphs as if fully set forth herein at length.

72.     Defendant Grager and Rothermel without proper justification, permission, cause or warning, did commit battery upon the person of plaintiff when they physically assaulted plaintiff.

73.     As a direct and proximate cause of the battery of defendants Grager and Rothermel upon plaintiff, plaintiff suffered severe bodily injury, as set forth above thereby making these defendant officers liable to plaintiff.

74.     As a direct and proximate result of the actions of the defendants as set forth above, plaintiff has been caused to seek medical care, including hospitalization, surgery, treatment, rehabilitation, therapy and medication all to his great financial detriment and loss

75.     As a direct and proximate result of the battery of defendants Grager and Rothermel upon plaintiff, plaintiff has suffered and continues to suffer physical and emotional pain, suffering, inconvenience, embarrassment, mental anguish, loss of life's pleasures, loss of employment wages, impairment of earning capacity and financial and medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendant defendants Grager and Rothermel for compensatory damages for his injuries and damages in an amount in excess of the

limits of 28 U.S.C. § 1332(a), as well as punitive damages, pre-judgment interest, post-judgment interest, delay damages, attorney's fees, costs and any other relief that the Court deems just and proper.

## COUNT VI: PENDENT STATE LAW CLAIMS OF ASSAULT
## PLAINTIFF v. DEFENDANTS GRAGER AND ROTHERMEL

76.    Plaintiff hereby adopts and incorporates all of the preceding paragraphs as if fully set forth herein at length.

77.    Defendant Grager and Rothermel without proper justification, permission, cause or warning, did commit assault upon the person of plaintiff when they physically assaulted plaintiff.

78.    As a direct and proximate cause of the assault of defendants Grager and Rothermel upon plaintiff, plaintiff suffered severe bodily injury as set forth above thereby making these defendant officers liable to plaintiff.

79.    As a direct and proximate result of the actions of the defendants as set forth above, plaintiff has been caused to seek medical care, including hospitalization, surgery, treatment, rehabilitation, therapy and medication all to his great financial detriment and loss.

80.    As a direct and proximate result of the assault of defendants Grager and Rothermel upon plaintiff, plaintiff has suffered and continues to suffer physical and emotional pain, suffering, inconvenience, embarrassment, mental anguish, loss of life's pleasures, loss of employment wages, impairment of earning capacity and financial and medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendant defendants Grager and Rothermel for compensatory damages for his injuries and damages in an amount in excess of the limits of 28 U.S.C. § 1332(a), as well as punitive damages, pre-judgment interest, post-judgment

interest, delay damages, attorney's fees, costs and any other relief that the Court deems just and proper.

## JURY DEMAND

Please take notice that plaintiff demands a trial by jury as to all issues in the above matter.

Respectfully submitted,

**SOLOFF & ZERVANOS**

BY:
**JOHN N. ZERVANOS, ESQUIRE**
**JOHN M. PUMPHREY, ESQUIRE**
Pennsylvania Attorney I.D. Nos.: 49615 and 79539
1525 Locust Street, 8th Floor
Philadelphia, PA 19102
215.732.2260 (office)
215.732.2289 (facsimile)
jzervanos@lawsz.com (email)
jpumphrey@lawsz.com (email)
**Attorney for Plaintiff**
**Carlo E. Easton**

DATE:    May 8, 2018